UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HOLLY HARRIS, ) | |
| ) | Case No. 3:16-cv-175 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge H. Bruce Guyton |
| LA-Z-BOY LOGISTICS, INC., ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's motion to remand this action to state court. (Doc. 8.) Defendant responded opposing the motion (Doc. 14), and Plaintiff replied (Doc. 15). For the following reasons, the Court will **GRANT** Plaintiff's motion.

### I. BACKGROUND

Plaintiff filed this action in Claiborne County Circuit Court on March 21, 2016, alleging that Defendant terminated her because of her gender. (Doc. 1-1.) She asserted only state law claims. (*Id*.) Defendant removed to this Court pursuant to 28 U.S.C. § 1441 alleging that this Court had jurisdiction over the case based on 18 U.S.C. § 1332 because the parties are diverse and Plaintiff's claims exceed $75,000. (Doc. 1.) Plaintiff filed a motion to remand this action to state court, arguing her Complaint's ad damnum clause clearly limited her damages to below $75,000. (Doc. 8.)

### II. STANDARD OF REVIEW

Generally, a defendant may remove to federal court any civil action over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal carries

the burden of establishing that the district court has original jurisdiction over the matter by a preponderance of the evidence. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). "[A]ll doubts as to the propriety of removal are resolved in favor of remand. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citation and internal quotation marks omitted).

### III. ANALYSIS

Plaintiff argues that because her complaint specifically limits her damages to below $75,000, and a request for reinstatement is "inherently speculative," the Court should remand this case. Defendant, in response, points the Court to *Roberts v. A&S Bldg. Sys., L.P.*, No. 3:07-CV-413, 2007 WL 4365761, at *3 (E.D. Tenn. Dec. 11, 2007).[1] In *Roberts*, the plaintiff had capped her compensatory damages at $75,000 but also sought equitable relief, including front pay. The court held that because the plaintiff sought equitable relief in addition to her compensatory relief, the defendant had met its burden to establish that the amount in controversy exceeded $75,000. *Id.*

While equitable relief may in some instances be enough to satisfy the amount in controversy standard, it is not enough here. The party seeking removal must establish by a preponderance of the evidence that the district court has original subject matter jurisdiction over the action. *Long*, 201 F.3d at 757. Accordingly, to defeat Plaintiff's motion, Defendant must present evidence establishing that it is more likely than not that the amount in controversy

---

[1] Defendant actually cited *Roberts v. A & S Bldg. Sys., L.P.*, No. 3:07-CV-413, 2008 WL 220627, at *2 (E.D. Tenn. Jan. 25, 2008), but the 2008 opinion grants Plaintiff's motion to remand based on a post-removal stipulation. The portion of the opinion upon which Defendant relies merely restates the Court's reasoning from the 2007 opinion denying the plaintiff's initial motion to remand.

exceeds $75,000.  Here, Defendant has produced no such evidence, leaving the Court completely without basis to assess the amount in controversy.

Because it is Defendant's burden to establish jurisdiction and Defendant has failed to put forth evidence from which the Court can conclude that Plaintiff's claims satisfy the amount in controversy, the Court will **GRANT** Plaintiff's motion to remand.

IV. **CONCLUSION**

For the reasons set forth above, the Court will **GRANT** Plaintiff's motion to remand.

**An appropriate order shall enter.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**